# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | Case No. 2:10-cr-00532-RLH-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| OSCAR CARRANZA, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on the Government's Motion for Clarification of Order Regarding Discovery of Confidential Informant Information (#45), filed October 5, 2011 and Defendant's Response to Government's Motion for Clarification (#46), filed October 14, 2011.

Upon review and consideration, the Court will grant the Government's alternative request that the personal identifier information contained in the documents, ordered to be produced to Defendant in Order (#44), shall be subject to a protective order limiting their dissemination. Accordingly,

**IT IS ORDERED** that the Government's Motion for Clarification of Order Regarding Discovery of Confidential Informant Information (#45) is **granted** as follows:

1. The documents that the Court ordered produced to the defense in Order (#44) (hereinafter "Protected Documents") shall be provided to Defendant's attorney(s), the Officer of Federal Public Defender for the District of Nevada, in unredacted form.

2. Information in the Protected Documents regarding the subject individual's date of birth, Social Security Number, telephone numbers, FBI Number, Alien Registration Number and addresses shall be restricted to the Defendant's attorney(s) of record and the attorneys' paralegals,

investigators, experts, and secretaries employed by the attorney(s) of record and performing on behalf of Defendant.

3. Information regarding the subject individual's date of birth, Social Security Number, telephone numbers, FBI Number, Alien Registration Number and addresses shall not be provided to Defendant Oscar Carranza or any individual other than those listed in paragraph 2, unless hereafter authorized by Court order.

4. The following restrictions will be placed on Defendant's attorney(s) and the designated individuals listed in paragraph 2 unless and until further ordered by the Court. Defendant's attorney(s) and the above-designated individuals shall not:

(a) make copies for, or allow copies of any kind to be made by any other person of Protected Documents;

(b) allow any other person to read Protected Documents; and

(c) use Protected Documents for any other purpose other than the indictment arising out of this case.

5. Defendant's attorney(s) shall inform any person to whom disclosure may be made of the existence and terms of this Court's order.

6. The restrictions shall not restrict the use or introduction as evidence of documents containing personal identifying information such as Social Security Numbers, drivers license numbers, dates of birth, and addresses during the trial of this matter.

7. Upon conclusion of this action, Defendant's attorney(s) shall return to Government counsel or destroy and certify to Government counsel the destruction of all Protected Documents containing the subject individual's date of birth, Social Security Number, telephone numbers, FBI Number, Alien Registration Number and addresses within a reasonable time, not to exceed thirty (30) days after the last appeal is final.

DATED this 17th day of October, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge